**SMITH HIMMELMANN**
Attorneys at Law • A Law Corporation
**ELBRIDGE W. SMITH** [HI #2079]
745 Fort Street, Suite 311
Honolulu, Hawaii 96813
Telephone No.: (808) 523-5050
Fax No.: (808) 538-1382
Email: shlaw@hawaii.rr.com

Attorneys for Plaintiff

UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM C. PARK | ) CIVIL NO. CV04 00703 DAE/BMK |
| Plaintiff, | ) |
| vs. | ) SECOND AMENDED |
| | ) EMPLOYMENT |
| U.S. Department of Veterans Affairs; | ) DISCRIMINATION COMPLAINT; |
| R. JAMES NICHOLSON, Secretary, | ) DEMAND FOR JURY TRIAL |
| Department of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

H:\CLIENTS\Park\USDC Plead\11-10-05 Second Amended Complaint.wpd

**SECOND AMENDED EMPLOYMENT DISCRIMINATION COMPLAINT**

**I. JURISDICTION AND VENUE**

1.   This action seeks declaratory, injunctive and monetary relief against the named Defendant in his official capacity as Secretary of the United States Department

of Veterans Affairs [herein "Agency"] for unlawful discrimination against William C. Park, based upon his race/national origin (Hawaiian), perceived medical disability (Post Traumatic Stress Disorder), for subjecting him to a hostile work environment based on his race/national origin (Hawaiian) and/or perceived medical disability (Post Traumatic Stress Disorder), and in retaliation for his prior equal employment opportunity ("EEO") activities, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a, and related Executive Order 13164 and seeks appellate review of the decision of the United States Merit Systems Protection Board sustaining Plaintiff's removal from his position of Dental Laboratory Technician by Defendant as provided for in the Civil Service Reform Act of 1978, 5 U.S.C. § 7703.

2. The jurisdiction of this court is invoked pursuant to 5 U.S.C. § 7703, 28 U.S.C. §§ 1331, 1343(4), 1346i, 1361, 29 U.S.C. § 794a, and 42 U.S.C. §§ 2000e-5 and 2000e-16.

3. Venue is proper in this Hawaii District Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f) in that the actions complained of herein took place, and all of these claims, arose in the State of Hawaii.

## II. PARTIES

4. William C. Park ("Plaintiff"), is a local Hawaiian male who is a resident of Waialua, Oahu, State of Hawaii, and at all times relevant herein was employed as a Dental Laboratory Technician for the Dental Service Office at Spark M. Matsunaga V.A. Medical and Regional Office Center, Honolulu, Hawaii, United States Department of Veterans Affairs ["VAMROC Honolulu"].

5. R. JAMES NICHOLSON [hereinafter Defendant] is Secretary of the United States Department of Veterans Affairs. As Secretary, Defendant is responsible for employment practices and procedures within the Agency, and its constituent activities including VAMROC Honolulu. The Agency is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and employs over 500 employees.

## III. STATEMENT OF FACTS

6. Plaintiff Park alleges an on-going, continuing pattern and practice of discriminatory harassment, hostile environment, and reprisal by VAMROC Honolulu Dental Service superiors, managers, and co-workers in his employment workplace, consisting of numerous individual, hostile, obnoxious, rude, demeaning and disparaging racial and religious remarks; undeserved admonishment and written counseling regarding his quality of work; suspension from pay and duty;

reassignment of duties and duty hours to lower graded clerical duties and non-dental service duties, all of which caused Plaintiff substantial interference with his abilities to work, to function away from work, to care for himself and his family, and to enjoy life, beginning in and around August 16, 2002 and continuing through March 31, 2003 when Defendant unlawfully terminated Plaintiff's employment.

7.  Plaintiff's regular employment workplace was located at the United States Veterans Affairs Spark M. Matsunaga Medical and Regional Office Center, 459 Patterson Road, Honolulu, Hawaii where he worked as a Dental Laboratory Technician making dental appliances.

8.  Plaintiff's immediate supervisor was Gilbert H. Larson, DDS, ("Dr. Larson") former Chief of the Dental Service at VAMROC. On August 16, 2002 Dr. Larson and Human Resources staff member Michael Heh ("Mr. Heh") told Plaintiff that he was the subject of a sexual harassment complaint filed by Nora Harmsen, DDS, Staff Dentist at VAMROC ("Dr. Harmsen"). Dr. Larson also gave Plaintiff an oral counseling on this occasion. Dr. Larson and Mr. Heh substantively told Plaintiff that Dr. Harmsen had collected documents to show that Plaintiff failed to perform laboratory work on her behalf. Mr. Heh and Dr. Larson asked Plaintiff how badly he wanted his job and told Plaintiff to clean out his desk. Mr. Heh and Dr. Larson told Plaintiff to repent for his alleged actions, to not contest Dr. Harmsen's claims of

discrimination because of Defendant's "zero tolerance policy." Plaintiff was dumbfounded, shocked and too upset to argue.

9. In more than 25 years of federal service, Plaintiff had never received a formal counseling, much less any disciplinary action, for any reason.

10. After Plaintiff departed Defendant's premises, Dr. Larson later telephoned him at his residence that evening and told Plaintiff that he was placed on Administrative Leave; that his ACC ID card (which allowed access to his place of employment) had been deactivated and that Plaintiff was detailed to the Medical Records section effective Monday, August 19, 2002. Plaintiff was perplexed and became angry.

11. That night, August 16, 2002, Plaintiff informed his wife about the oral counseling he received from Dr. Larson and Michael Heh and she too became emotionally upset.

12. During the period from August 16 through August 20, 2002 Plaintiff was unable to initiate or sustain sleep.

13. Plaintiff was unable to eat over the weekend and felt emotionally drained. On Monday, August 19, 2002, Plaintiff felt too ill to report to work and took sick leave. He called and explained his condition to his VA primary care physician, Roger Wong, MD, who agreed to see him later that day.

14. On Wednesday, August 21, 2002 Michael Heh told Plaintiff that he was to report for work during "regular hours" at the Medical Records section under the supervision of Beverly Rice and that he would no longer be performing the duties of a Dental Laboratory Technician. Plaintiff understood regular hours to mean from 8:00 a.m. to 4:30 p.m. As a Dental Laboratory Technician, Plaintiff worked a flexible work schedule and reported to work at 6:45a.m. or earlier and left for the day at 3:15 p.m. Mr. Heh's change of schedule deprived Plaintiff of a benefit of employment he enjoyed for many years. Mr. Heh also told Plaintiff that he would be the subject of an internal investigation to be conducted by an Administrative Investigative Board ("AIB").

15. On Thursday, August 22, 2002 Plaintiff reported to Ms. Rice, the supervisor of the medical records unit. She told him that she did not know why he was there.

16. On August 23, 2002 Dr. Larson told Plaintiff that his access card had been de-activated on the order of Steven MacBride (hereinafter "Dr. MacBride"), M.D., Chief of Staff, VAMROC Honolulu.

17. On October 9, 2002, Dr. MacBride and Gary Van Brocklin, a VAMROC Honolulu manager, falsely accused Plaintiff of having a weapon (hunting knife) at

-6-

work and caused his personal locker to be searched. Plaintiff denied having a weapon and none was found.

18. On or about October 10, 2002 Plaintiff was ordered to appear before the AIB to answer various questions. Although he was permitted to have a representative present, his representative was not allowed to speak, participate, or ask questions on behalf of his client.

19. On October 29, 2002 Gary Van Brocklin told Plaintiff that he was being reassigned to a different position at Defendant's Center for Aging, located in another building away from the main Hospital building. Mr. Van Brocklin also told Plaintiff that his duties would consist of answering the telephone and doing clerical work.

20. On October 30, 2002 Plaintiff was told that he was being changed from a GS-9 Dental Laboratory Technician to a GS-4 Receptionist/Clerk in the Physical Therapy/Aging Center.

21. On November 19, 2002, Dr. Carethers, Plaintiff's then second-line supervisor, gave him a printed e-mail message from Dr. MacBride. The e-mail stated that Plaintiff would no longer represent Defendant on Hawaiian affairs related to the VAMROC traditional and alternative care medicine (TRAC) program.

22. Before receiving Dr. MacBride's restriction Plaintiff had been selected by David Burge, VAMROC Honolulu Director, and was an active participant in

Defendant's TRAC program, designed to provide, *inter alia*, traditional native Hawaiian medicine to Hawaiian veterans. Plaintiff Park is recognized as a traditional medicine healer by the native Hawaiian community and was active in coordinating and promoting Defendant's efforts in this subject area as an adjunct to his Dental Laboratory Technician Duties.

23. Plaintiff timely initiated his first EEO complaint on December 4, 2002. The subject of this discrimination complaint involved Defendant's various actions against Plaintiff during the period from August 16, 2002 to December 3, 2002, including:

> A. he was discriminated against in regard to the disciplinary/admonishment he received on August 16, 2002;
>
> B. his assignment of duties outside his position;
>
> C. changes to his regularly scheduled duty hours;
>
> D. harassment;
>
> E. reassignment;
>
> F. reprimand,
>
> G. defamatory statement ("everyone told I will be removed");
>
> H. time and attendance;
>
> I. training;

J.  hostile working conditions; and

K.  Dr. Larson repeatedly referred to Plaintiff as "Brown Boy" and "my Brown Boy" on various occasions.

24.  On January 17, 2003 Dr. MacBride informed Plaintiff in writing that he proposed to remove (fire) him from his position based on a charge of inappropriate behavior and another charge of making false and intentional statements to the AIB in denying those behaviors. Each charge listed seven specifications (counts). Two of the specifications under the charge of inappropriate behavior were more than 14 years old, another specification was not given any date whatsoever, two of the specifications were five years old and the remaining two (one of which was later withdrawn by Defendant on November 18, 2003) were more than 2 ½ years old. Plaintiff responded to those allegations as best he could remember by denial and asserting discrimination affirmative defenses.

25.  VAMROC Honolulu Director David Burge, (national origin– local born part Hawaiian), (skin color– brown), upon the request of Dr. MacBride to Defendant's Regional Director, was removed from the disciplinary chain of command of Plaintiff Park, where he would have been the Agency final decision maker.

26.  On March 21, 2003 Alan Perry, Director of the V.A., Central California Health Care System, who substituted for VAMROC Honolulu Director David Burge,

told Plaintiff in writing that Defendant had decided to terminate him effective March 31, 2003.

27. On March 21, 2003 and thereafter, Defendant failed to give Plaintiff any information regarding how he could arrange for a continuance of his health and life insurance, or how to file for unemployment compensation. Defendant has both a practice and a policy of routinely and promptly providing other employees who separate from the Agency with such information.

28. During the period from April 2-26, 2003, Plaintiff's repeated requests for information regarding his medical and life insurance and unemployment compensation were denied by Defendant.

29. Plaintiff timely initiated EEO counseling and thereafter timely filed his third formal complaint of discrimination on July 18, 2003.

30. On May 5, 2003 Plaintiff timely appealed his termination to the United States Merit Systems Protection Board (hereinafter "MSPB"). In his appeal, Plaintiff denied the charged specifications against him and raised, *inter alia*, affirmative defenses and allegations of discrimination based on race/national origin (Hawaiian) and perceived mental disability (PTSD) (his second complaint of discrimination).

31. As a direct and proximate result of Defendant's actions alleged herein, Plaintiff Park has endured lost wages and benefits, emotional distress, embarrassment,

humiliation and loss of enjoyment of life, damage to reputation, and medical expenses.

32.  The decision of United States Merit Systems Protection Board is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence,

   A.  because the MSPB failed to analyze the charge of Inappropriate Behavior against Plaintiff as a charge of Title VII sexual harassment as required by Board precedent;

   B.  because the MSPB erroneously decided that Defendant proved five of the six specifications of inappropriate behavior without requiring Defendant to prove that Plaintiff engaged in sexual harassment prohibited by Title VII,

   C.  because the MSPB ignored what Plaintiff actually said in determining that Plaintiff made intentional and false statements;

   D.  because the MSPB ignored its own precedents in deciding that the Agency proved a nexus between Plaintiff's alleged misconduct and the efficiency of the service, and

   E.  because the MSPB failed to mitigate a penalty that exceeded the tolerable bounds of reasonableness.

33. Plaintiff denies the misconduct charges and specifications that Defendant made against him.

## IV. PROCEDURAL HISTORY

34.   A.   Plaintiff timely initiated his first EEO complaint, Agency No. 20004592003100875, on December 4, 2002 when he began EEO counseling. He was assigned to a telephone contact (Counselor Mable Pope) located some 2,500 miles away in Menlo Park, California.

B.   The following day, December 5, 2002 Plaintiff faxed to Counselor Mable Pope an outline of his bases of discrimination and claims.

C.   On January 14, 2003 Plaintiff received his notice of right to file a discrimination complaint within 15 days, being January 29, 2003, which was to be filed with Regional EEO Officer, Office of Resolution Management (O8l-v), 1061 East 4th Plain Blvd., Bldg. A-6, Vancouver, WA 98661. The notice Plaintiff received did not contain a fax number, as an alternative mode of delivery.

D.   Late in the afternoon of January 28, 2003 Plaintiff completed, signed and dated his VA Form 4939 Complaint of Discrimination.

       Plaintiff's counsel placed this first complaint, postage prepaid, into the official U.S. Postal Service mail collection chute in his building located at 841 Bishop Street, Honolulu, Hawaii, being a timely filing.

E.   Defendant issued his final agency decision [FAD] on April 14, 2003, stating that Plaintiff's first EEO complaint was untimely filed, based upon the postmark of the mailed discrimination complaint.

F.   Plaintiff timely appealed the final agency decision of his first EEO complaint to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC) on June 18, 2003 and timely requested reconsideration on October 29, 2003.

G.   The EEOC denied Plaintiff's Request to Reconsider its previous decision in Plaintiff's first EEO complaint in a decision dated November 24, 2003, but never received by either Plaintiff or counsel until August 30, 2004, following a second mailing by the EEOC, and from which Plaintiff's initial employment discrimination complaint followed.

    H.     On July 18, 2003, Plaintiff timely filed his third formal EEO Complaint.

    I.     On April 5, 2005, Defendant issued its final decision/order adopting the findings and conclusions of the EEOC Administrative Judge in Plaintiff's second EEO complaint and notified Plaintiff of his right to file a civil action and Plaintiff's First Amended Employment Discrimination complaint (this instant pleading) timely followed.

35.  A.     On October 29, 2004 the MSPB Administrative Judge sustained Plaintiff's removal and denied Plaintiff's allegations of unlawful employment discrimination raised in his appeal.

    B.     On December 3, 2004 Plaintiff appealed the MSPB Initial Decision (and third EEO complaint) to the MSPB in Washington, D.C. More than 180 days has passed without a decision on either the civil service or the discrimination parts of this appeal.

## V. **FIRST CAUSE OF ACTION**
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

36.    Defendant's conduct alleged herein constitutes unlawful employment discrimination against Plaintiff Park based on his race and national origin and

subjected Plaintiff Park to a hostile work environment, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

## SECOND CAUSE OF ACTION
### Violation of the Rehabilitation Act of 1973, 29 U.S.C. 794a

37.   Defendant's conduct alleged herein constitutes unlawful discrimination against Plaintiff, a veteran of the Vietnam War, on the basis of a perceived mental disability, viz. Post Traumatic Stress Disorder (PTSD) in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794a and Executive Order 13164.

## THIRD CAUSE OF ACTION
### Violation of the Civil Service Reform Act of 1978, 5 U.S.C. § 7513

38.   In this First Amended Complaint Plaintiff Park contests, under 5 U.S.C. §§ 7513 and 7702, his removal for unacceptable behavior and making false and intentional statements from his position as a Dental Laboratory Technician from VAMROC Honolulu and seeks this Court's appellate review of the decision of the United States Merit Systems Protection Board under 5 U.S.C. § 7703.

## VI. CLAIM FOR RELIEF

39. Declare and adjudge that Defendant's conduct alleged herein constitutes unlawful employment discrimination based on his race, national origin, and/or disability and/or subjected Plaintiff Park to a hostile work environment in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a and related Executive Order 13164.

40. Declare and adjudge that the decision of the U.S. Merit System Protection is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence in violation of 5 U.S.C. 7513(a).

**WHEREFORE**, Plaintiff Park requests that this Court grant him the following relief:

1. Order that the Defendant reinstate Plaintiff Park to his former position of Dental Laboratory Technician, pay his compensatory damages, back pay with interest, reimbursement of medical expenses, and related costs and expenses; and

2. Order that the Defendant pay Plaintiff Park's reasonable attorney fees and costs of this litigation and of the preceding administrative actions; and

3.   Grant such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Park requests/demands a trial by jury on those issues so triable.

DATED: Honolulu, Hawaii, November 10, 2005.

_____
ELBRIDGE W. SMITH
Attorney for Plaintiff